IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER ANDREW STEWART,

    Petitioner,                               No. 2:08-cv-1477 KJN P

    vs.

M. MARTEL, et al.,                             <u>ODER and FINDINGS</u>

    Respondents.                          <u>AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 1996, petitioner pled no contest to second degree murder and was sentenced to an indeterminate state prison term of fifteen years to life in prison. Petitioner claims that jeopardy attached to the murder charge when his plea to manslaughter was entered after the jury was sworn and evidence taken, and that he received ineffective assistance of counsel in connection with that claim. Petitioner also contends he is entitled to equitable tolling due to ineffective assistance of counsel and his mental health issues.

        Respondents have moved to dismiss this action as barred by the one-year statute of limitations. <u>See</u> 28 U.S.C. § 2244(d).

        On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) was enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

1

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. Petitioner was convicted pursuant to a no contest plea on charges of second degree murder. On March 1, 1996, petitioner was sentenced to fifteen years to life in prison. Petitioner did not appeal his conviction or sentence.

2. On May 10, 2007, petitioner signed and dated a petition for writ of habeas

////
////
////
////
////

corpus in the Sacramento County Superior Court.[1]  See Lodged Document No. 2.[2]  That petition was denied by order filed June 29, 2007.  See Lodged Document No. 3.

      3.  On September 28, 2007,[3] petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District.  See Lodged Document No. 4.  That petition was denied by order filed October 4, 2007.  See Lodged Document No. 4.

      4.  On November 15, 2007, petitioner signed, dated and filed a petition for writ of habeas corpus in the California Supreme Court.  See Lodged Document No. 5.  On May 14, 2008, that petition was denied.  See Lodged Document No. 6.

      5.  On June 11, 2008, petitioner signed and dated the instant federal habeas corpus petition, which was filed June 26, 2008.[4]

Petitioner's conviction became final on April 30, 1996, when the sixty-day period for filing a direct appeal expired.  See Cal. Rules of Court 8.308 (formerly Rule 30.1).  The AEDPA statute of limitations period began to run the following day, on May 1, 1996, and expired one year later on April 30, 1997.  Petitioner did not file the instant action until June 11, 2008, more than eleven years after the limitation period expired.  State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).  Accordingly, the petition for writ of habeas corpus is

---

[1]  May 10, 2007 is the date on which petitioner, proceeding pro se, delivered the state superior court habeas petition to prison officials for mailing.  See Lodged Document No. 2.  Under the mailbox rule, that date is considered the filing date of the petition.  See Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

[2]  All documents identified as Lodged Documents were filed by respondents in this action on May 20, 2009.

[3]  No copy of the petition was provided, so the filed date is used.

[4]  June 11, 2008 is deemed the filing date of petitioner's federal petition under the mailbox rule.  See footnote 1, supra.

untimely[5] unless petitioner is entitled to the benefit of tolling.

Petitioner contends that he is entitled to equitable tolling. In support of this contention, he claims that he suffers from organic brain damage, has a long history of mental health issues, and takes psychotropic drugs. (Pet., Ex. C [Docket No. 1 at 36].) Petitioner states he was stabbed by his cellmate only four days after being received into state custody in state prison, and his mental health deteriorated after that event. (Id.) Petitioner also alleges he is entitled to equitable tolling based on the ineffectiveness of his trial counsel. Petitioner states his trial counsel advised him "that there was no appellate rights whatsoever." (Opp'n. at 1.)

Respondent notes that petitioner does not dispute that the statute of limitations period expired on April 30, 1997, and argues petitioner is not entitled to equitable tolling, particularly for an eleven year period of repose. (Resp'ts' Reply at 1-2.)

The United States Supreme Court has held that, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807 (2005). See also Lawrence v. Florida, 549 U.S. 327, 328, 127 S.Ct. 1079 (2007) (assuming without deciding that equitable tolling applies to § 2244(d)). The Ninth Circuit has stated that "the purpose of equitable tolling 'is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court." Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008). Nonetheless, equitable tolling of the AEDPA statute of limitations will be unavailable in most cases. See Corjasso v. Ayers, 278 F.3d

---

[5] To the extent petitioner argues he is entitled to a delayed commencement of the statute of limitations period, petitioner is mistaken. Petitioner has presented no facts to suggest he exercised due diligence as required under 28 U.S.C. § 2244(d)(1)(D). The statute of limitations period begins to run when the predicate facts are known and not when their legal significance is discovered. Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001). Petitioner must conduct a reasonable and diligent investigation to timely discover all relevant claims. McCleskey v. Zant, 499 U.S. 467, 498 (1991). Petitioner states he did not learn the legal significance of those facts until a prison writ writer assisted him, but such a claim is unavailing. The claims raised in the instant petition are based on facts known to petitioner at the time he entered his plea. Thus, petitioner is not entitled to a later commencement of the limitations period.

874, 877 (9th Cir.2002); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999). Moreover, a habeas petitioner seeking equitable tolling must show that the extraordinary circumstances alleged were the "but for" and proximate cause of the untimely filing of his federal petition. Bryant v. Ariz. Atty. Gen., 499 F.3d 1056, 1061 (9th Cir. 2007); Allen v. Lewis, 255 F.3d 798, 800-01 (9th Cir. 2001).

The court will first address petitioner's argument that he is entitled to equitable tolling on the basis of ineffective assistance of counsel. The Ninth Circuit has held that, where the conduct of the attorney is sufficiently egregious, it may constitute the sort of "extraordinary circumstances" that would justify the application of equitable tolling to the one-year limitation period of AEDPA. Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir.2003); but see Frye v. Hickman, 273 F.3d 1144 (9th Cir.2001) (attorney negligence in failing to file federal petition before the statutory deadline does not justify equitable tolling). Petitioner places blame on his trial counsel for advising him he had no appeal rights. Petitioner raised this issue in his superior court petition. Lodged Doc. No. 3. The superior court found petitioner's filing untimely:

> Petitioner states he understood his attorney to say he had no grounds for appeal, and it was not until he talked to an "inmate writ-writer" that he was advised his sentence was illegal. This fails to justify the 11-year delay in seeking relief.

Lodged Doc. No. 3 at 2.

Petitioner's contentions regarding his attorney's advice are unsupported and unavailing. These facts are not sufficiently egregious attorney misconduct to justify equitable tolling, nor does the record indicate that petitioner acted with reasonable diligence. See Lawrence, 127 S.Ct. at 1085 (attorney's negligence in miscalculating limitations period did not entitle petitioner to equitable tolling); Frye, 273 F.3d at 1146 (attorney's "negligence in general" in handling petitioner's habeas petition and mistake in calculating limitations period resulting in untimely filing did not warrant equitable tolling); Miranda v. Castro, 292 F.3d 1063, 1066-68 (9th Cir.2002) (petitioner who relied on erroneous statute of limitations advice from appointed

counsel not entitled to equitable tolling); cf. Spitsyn, 345 F.3d at 799) (petitioner's state habeas counsel utterly failed to file petition despite diligent attempts by petitioner's family to move case forward).

With regard to petitioner's mental health, in order for petitioner's mental condition to result in equitable tolling, his mental illness must have "constituted the kind of extraordinary circumstance beyond his control, making filing impossible." Laws v. Lamarque, 351 F.3d 919, 922-23 (9th Cir.2003) (remanding for evidentiary hearing on equitable tolling where petitioner alleged in a verified pleading that he was incompetent during the years when his petition should have been filed). "Where a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline, his delay was caused by an 'extraordinary circumstance beyond [his] control,' and the deadline should be equitably tolled." Laws, 351 F.3d at 923; see also Nara v. Frank, 264 F.3d 310, 320 (3rd Cir. 2001) ("[M]ental incompetency is not a per se reason to toll a statute of limitations. Rather, the alleged mental incompetence must somehow have affected the petitioner's ability to file a timely habeas petition.").

Here, petitioner has not demonstrated that some extraordinary circumstance stood in his way of timely filing his federal petition. Petitioner's claims that he was diagnosed with brain damage and mental problems while in the county jail before sentencing are refuted by the Probation Officer's report which reflects petitioner stated he was in satisfactory physical and emotional health. (Resp'ts' Reply, Ex. B.)

Petitioner has submitted portions of his medical records which indicate that he was diagnosed on February 18, 1997 with major depression disorder with psychotic features; he was hearing voices and afraid of being stabbed again. (Opp'n. at 19.) By 2002, he was diagnosed with Schizophrenia, Paranoid Type. (Pet., Ex. G.) However, the records provided also demonstrate petitioner has consistently received mental health treatment as an outpatient during the critical time period, including medication, while incarcerated. (Opp'n, passim.) Moreover, prison officials noted in 1996 and 1997 that petitioner was not illiterate, had an 11th

grade education (Pet., Ex. D [Docket No. 1 at 38-39]), and on February 5, 1997, plaintiff's GAF score was recorded as 70. (Opp'n. at 15.) [6]

Of course, a mental illness can represent an extraordinary circumstance. See Laws, 351 F.3d at 923; Calderon v. United States District Court (Kelly), 163 F.3d 530, 541 (9th Cir.1998) (en banc) (A "putative habeas petitioner's mental incompetency [is] a condition that is, obviously, an extraordinary circumstance beyond the prisoner's control," so "mental incompetency justifies equitable tolling."). However, not every mental illness automatically tolls the statute of limitations.

In this case, petitioner has not demonstrated that his mental illness prevented him from timely filing his federal habeas petition, particularly during the period May 1, 1996 to April 30, 1997. For example, petitioner has not alleged how his mental illness or any side effects of his medication rendered him incapable of bringing this action within the statute of limitations period. Petitioner has failed to establish, and the record does not reflect, a causal link between petitioner's mental illness and his delay in filing his federal habeas petition. See Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir.2005) (upholding a finding that equitable tolling was inapplicable where prisoner failed to show causal connection between physical and mental disabilities and inability to timely file petition), modified on other grounds by, 447 F.3d 1165 (9th Cir.2006). See also, e.g., Jones v. Marshall, No. CV 09-0233 GHK (JTL), 2009 WL 2189892 at *9 n.13 (C.D.Cal. July 17, 2009) (rejecting claim for equitable tolling based on alleged mental illness because petitioner failed to establish that his mental condition was the "but

---

[6] GAF stands for Global Assessment of Functioning, a scale used by clinicians to assess an individual's overall level of functioning. Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders with Text Revisions 32 (4th ed.2004) (hereinafter DSM-IV-TR). A GAF between 51-60 indicates "Moderate symptoms (e.g. flat affect and circumstantial speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school functioning (e.g. few friends, conflicts with co-workers)." Id. at 34. A GAF between 61-70 indicates "Some mild symptoms (e.g. depressed mood and mild insomnia) OR some difficulty in social occupational, or school functioning (e.g. occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships." Id.

for" cause of his failure to timely file a federal habeas petition); Wright v. Felker, No. 08-cv-2255 JM (PCL), 2009 WL 1396406 at *6-9 (S.D.Cal. May 18, 2009) (rejecting claim for equitable tolling based on alleged mental illness because petitioner failed to present medical evidence detailing his mental condition during the statute of limitations period).

Finally, even if petitioner demonstrated extraordinary circumstances, equitable tolling is not available because he has not met his burden of showing that he has been pursuing his rights diligently. Pace, 544 U.S. at 418; Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir.2005) (stating that petitioner bears the burden of demonstrating grounds for equitable tolling); Miranda v. Castro, 292 F.3d at 1065. It is only when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas petition that equitable tolling may be appropriate. Miles, 187 F.3d at 1107. Equitable tolling is not permissible if the claimant has failed to exercise due diligence in preserving his legal rights. Pace, 544 U.S. at 418.

In Pace, the Supreme Court noted that although petitioner's claims were available in 1986 and 1991, he "waited years without any valid justification" to assert those claims in an untimely state petition. Pace, 544 U.S. at 418. Because Pace sat "on his rights for years before he filed his [state] petition" and "also sat on them for five more months after his [state] proceedings became final before deciding to seek relief in federal court, the Court concluded that Petitioner's lack of diligence precluded equitable relief. Id.

Similar to Pace, petitioner is not entitled to equitable tolling on any basis because he failed to exercise diligence in pursuing his claims. Pace, 544 U.S. at 418; see also Johnson v. United States, 544 U.S. 295, 311, 125 S.Ct. 1571 (2005) (finding that petitioner did not diligently pursue his claims where he did not commence state post-conviction proceedings until three years after judgment was entered and 21 months after the AEDPA's effective date); Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir.2003) (finding that petitioner was not entitled to equitable tolling due to his lack of diligence). Here, petitioner waited almost eleven years before filing his initial

petition in state court.

Because petitioner is not entitled to equitable tolling for the entire period, the instant petition is time-barred and should be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. Respondent's May 19, 2009 motion to dismiss (Docket No. 12) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 18, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

stew1477.mtd